**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30791
_____

CURTIS ZENON,

Plaintiff-Appellee,

VERSUS

SONAT OFFSHORE DRILLING, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(CA-92-0674)
_____

August 12, 1996

Before KING, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant, Sonat Offshore Drilling, Inc., challenges the judgment entered by the district court awarding sums for maintenance and cure and punitive damages for arbitrary failure to pay these sums along with necessary attorneys' fees expended by Zenon for collection. For reasons stated below, we reverse.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1. Simultaneous to the district court's entry of judgment, this court determined that punitive damages are not recoverable under the general maritime law for wrongful failure to pay maintenance and cure. Guevara Maritime Overseas, 59 F.3d 1496 (5th Cir. 1995) (en banc). Thus, the district court's award of punitive damages can not stand.

2. No substantial evidence in the record supports an award of maintenance in favor of Zenon. Zenon's treating physician, Dr. Herrington, released Zenon to return to work without restrictions on August 5, 1991. Zenon, in fact, returned to work on that date and worked his regular two-week shift. Although Zenon had complaints of tightness in the chest, nausea and indigestion during this two-week hitch, he was able to perform his work with over-the-counter medication supplied by the rig's medic. Zenon's employment was terminated on August 19, 1991, and, as far as the record reveals, Zenon has not seen a physician since that time for these problems.

3. Considering the unrestricted release for duty by Dr. Herrington and the absence of any additional medical evidence indicating a need for further treatment, we conclude that Zenon achieved maximum cure on August 5, 1991.

4. With respect to maintenance, Sonat paid disability benefits ($698) and maintenance ($420) during the period from July 20 until August 16, 1991. Consequently, plaintiff failed to establish that Sonat was indebted to him for maintenance. It

follows that no award is supportable for attorney's fees for failure to pay maintenance.

5. With respect to medical expenses, Sonat paid the premiums for medical insurance for Zenon. The bill for Zenon's hospitalization for his July 1991 illness was paid in full by the medical insurer and Sonat, and no argument is made that any sum is due for that expense. The medical insurer paid 80% of the physician's fees who treated Zenon during his hospitalization. The employer contended that it never received the bills for the 20% balance and that it paid these bills as soon as they became aware that they were outstanding. Zenon testified that he sent these bills to Sonat's office. He further stated that Sonat returned these bills to him and that he furnished the bills to his attorney for collection. We are persuaded that the record does not support a conclusion that Sonat willfully refused to pay these bills. In January 1994, the parties filed a joint pretrial stipulation in which plaintiff stipulated that all medical bills had been paid. Sometime between the entry of the pretrial stipulation and the trial, plaintiff's counsel learned that these bills were outstanding, furnished them to Sonat, who immediately paid them.

6. The initial treating physicians, Drs. Lam and Johnson, referred Zenon to a gastroenterologist, Dr. Herrington, in Lafayette. Zenon advanced $80 of his own funds to Dr. Herrington before his examination. Dr. Herrington prescribed ulcer medication which Mr. Zenon also purchased from his own funds. Plaintiff

3

presented no evidence that he advised Sonat that he had incurred these medical bills or that he requested payment from Sonat.

Sonat contends that it first learned during Zenon's deposition that he was required to advance $80 to Dr. Herrington for the examination and pay for the ulcer medication. Upon learning of these payments, Sonat immediately reimbursed him.

During this period when he was treated by the above doctors, Sonat paid Zenon $698 in disability benefits, above and beyond sums it owed for maintenance, to help defray costs of his illness. Under these circumstances, we are persuaded that the record does not support a finding of arbitrary, capricious failure to pay cure which would warrant an award of attorney's fees.

For the above reasons, we conclude that the record does not support the awards entered for maintenance and cure, punitive damages for failure to pay maintenance and cure or attorney's fees. The judgment of the district court is therefore reversed and judgment rendered in favor of Sonat.

REVERSED and RENDERED.

4